IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHARLES LEE WILLIAMS, | ) | No. C 06-5825 MMC (PR) |
| Petitioner, | ) ) | **ORDER DENYING MOTION TO HOLD PETITION IN ABEYANCE; GRANTING LEAVE TO FILE AMENDED PETITION OR MOTION FOR STAY; VACATING BRIEFING SCHEDULE** |
| v. | ) ) ) | |
| ANTHONY J. MALFI, | ) ) | |
| Respondent. | ) ) | |
| _____ | ) | **(Docket No. 9)** |

On September 22, 2006, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On January 5, 2007, the Court ordered respondent to show cause why the petition should not be granted based on petitioner's four cognizable claims. Now before the Court is petitioner's February 6, 2007 "Motion to Hold the Petition in Abeyance."

In his motion, petitioner requests that the Court hold the petition "in abeyance" to allow him an opportunity to research what impact, if any, Cunningham v. California, 127 S. Ct. 856, (2007), may have on his case. See id. at 871 (holding California's determinate sentencing law violates Sixth Amendment because it authorizes judge, not jury, to find facts permitting upper term sentence). A district court may stay a petition to allow the petitioner to exhaust a previously unexhausted claim in state court. Rhines v. Webber, 544 U.S. 269, 277-78 (2005). Petitioner does not indicate that he wishes to present a new claim in this court on the basis of Cunningham, or whether he would need to exhaust such a claim in state court; rather, he simply states he needs time to research the effect of that decision. Petitioner will

be granted time in which to conduct such research and to file an amended petition based thereon. The amended petition may not contain any unexhausted claims, however. See <u>Rose v. Lundy</u>, 455 U.S. 509, 522 (1982). Consequently, if based on his research, petitioner wishes to present any claims that have not been exhausted in the state courts, he may file a motion for a stay while he exhausts such claims; in said motion, petitioner must show good cause for his failure to exhaust the claims earlier and that the claims are potentially meritorious. See <u>Rhines</u>, 544 U.S. at 277. In the meantime, the briefing schedule set forth in the January 5, 2007 Order to Show Cause will be vacated, and a new schedule will be set following any amendment or stay.

For the reasons stated above:

1. Petitioner is hereby GRANTED LEAVE to file, within **sixty (60) days** of the date this order is filed, either an amended petition or a motion to stay, as set forth above. If petitioner files an amended petition, it may not include any unexhausted claims. The amended petition must include the caption and civil case number used in this order (No. C 06-5825 MMC (PR)) and the words AMENDED PETITION on the first page. As the amended petition supersedes the original petition, petitioner must include all the claims he wishes to present, and may not incorporate material from the original petition by reference. If petitioner fails to file either an amended petition or a motion for a stay in conformity with this order, the case will proceed based only upon the claims in the petition, and further leave to add new claims will not be granted.

2. The motion to hold the petition in abeyance is hereby DENIED, and the briefing schedule set forth in the January 5, 2007 Order to Show Cause is hereby VACATED.

This order terminates Docket No. 9.

IT IS SO ORDERED.

DATED: April 13, 2007

MAXINE M. CHESNEY
United States District Judge