IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES LEE WILLIAMS, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> ANTHONY J. MALFI, ) <br> ) <br> Respondent. ) <br> _____ ) | No. C 06-5825 MMC (PR) <br><br> **ORDER DENYING MOTION TO VACATE; SETTING BRIEFING SCHEDULE** <br><br> **(Docket No. 14)** |

On September 22, 2006, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On January 5, 2007, the Court ordered respondent to show cause why the petition should not be granted based on petitioner's four cognizable claims. Thereafter, by order filed April 13, 2007, the Court vacated the briefing schedule set forth in the order to show cause and granted petitioner leave to file, within 60 days thereof, either an amended petition or a motion to stay. Petitioner was informed that if he failed to file either an amended petition or a motion for a stay, the case would proceed based only upon the claims in the petition, and a new briefing schedule would be set. Now before the Court is petitioner's motion, filed May 21, 2007, requesting that the Court's Order of April 13, 2007 be "vacated" and that the Court proceed with the original petition.

The Court sees no reason to vacate its Order, and petitioner provides none. It appears that petitioner does not intend to file either an amended petition or a motion to stay, and, in any event, the deadline for doing so has now passed. Accordingly, the Court will set a new

briefing schedule on the petition.

For the reasons stated above, the Court orders as follows:

1. Petitioner's motion to vacate the April 13, 2007 Order is DENIED.

2. Respondent shall file with the Court and serve on petitioner, within 90 days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claims in the petition. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the amended petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within 30 days of the date the answer is filed.

3. In lieu of an answer, respondent may file, within 90 days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within 30 days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within 15 days of the date any opposition is filed.

This order terminates Docket No. 14.

IT IS SO ORDERED.

DATED: June 14, 2007

_____
MAXINE M. CHESNEY
United States District Judge

2