IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES LEE WILLIAMS,        )<br>                              )<br>    Petitioner,              )<br>                              )<br>    v.                        )<br>                              )<br>ANTHONY J. MALFI,             )<br>                              )<br>    Respondent.               )<br>_____ ) | No. C 06-5825 MMC (PR)<br><br>**ORDER DIRECTING RESPONDENT TO SHOW CAUSE WHY PETITIONER'S MOTION FOR JUDGMENT ON THE PLEADINGS SHOULD NOT BE GRANTED; DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**(Docket No. 18)** |

      On September 22, 2006, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On January 5, 2007, the Court ordered respondent to show cause why the petition should not be granted based on petitioner's four cognizable claims. On April 13, 2007, the Court vacated the briefing schedule set forth in the order to show cause and granted petitioner leave to file either an amended petition or a motion to stay. When petitioner indicated he did not intend to file either an amended petition or a motion to stay, the Court, by order dated June 14, 2007, set a new briefing schedule on the petition; specifically, respondent was directed to file with the Court and serve on petitioner an answer to the petition within ninety days of the date the Court's order was filed.

      On January 25, 2008, petitioner filed a "Motion for Judgment on the Pleadings," in which motion petitioner moves for entry of judgment in his favor because respondent has not filed an answer or otherwise responded to the Court's June 14, 2007 order. Accordingly, respondent is hereby ORDERED to show cause why petitioner's motion should not be

granted; respondent shall file a response to petitioner's motion within **thirty** days of the date this order is filed. The Court will rule on the motion once the response is filed; no reply from petitioner will be necessary unless the Court orders otherwise after having reviewed the response.

Petitioner has filed a motion for the appointment of counsel to assist him with his motion for judgment on the pleadings. The Sixth Amendment's right to counsel does not apply in habeas actions. Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir.), cert. denied, 479 U.S. 867 (1986). Pursuant to statute, however, a district court is authorized to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation." See 18 U.S.C. § 3006A(a)(2)(B). Here, petitioner has adequately presented his motion for judgment on the pleadings and no other grounds exist that would require the appointment of counsel at this time; accordingly, as the interests of justice do not require appointment of counsel, petitioner's motion is hereby DENIED.

This order terminates Docket No. 18.

IT IS SO ORDERED.

DATED: May 9, 2008

_MAXINE M. CHESNEY_
United States District Judge

2