IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES LEE WILLIAMS,<br><br>    Petitioner,<br><br>  v.<br><br>ANTHONY J. MALFI,<br><br>    Respondent.<br>_____ | No. C 06-5825 MMC (PR)<br><br>**ORDER DENYING PETITIONER'S MOTION FOR JUDGMENT ON THE PLEADINGS; DIRECTING CLERK TO SERVE RESPONDENT AND RESPONDENT'S COUNSEL WITH PETITION AND ORDER TO SHOW CAUSE**<br><br>**(Docket No. 17)** |

     On September 22, 2006, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On January 5, 2007, the Court ordered respondent to show cause why the petition should not be granted based on petitioner's four cognizable claims. On April 13, 2007, the Court, at petitioner's request, vacated the briefing schedule set forth in the order to show cause and granted petitioner leave to file either an amended petition or a motion to stay to exhaust unexhausted claims. When petitioner thereafter indicated he did not intend to file either an amended petition or a motion to stay, the Court, by order dated June 14, 2007, set a new briefing schedule on the petition; specifically, respondent was directed to file with the Court and serve on petitioner an answer to the petition within ninety days of the date the Court's order was filed.

     On January 25, 2008, petitioner filed a "Motion for Judgment on the Pleadings," by which motion petitioner moved for entry of judgment in his favor because respondent had not filed an answer or otherwise responded to the Court's order of June 14, 2007. On May 9,

2008, the Court ordered respondent to show cause, within thirty days thereof, why petitioner's motion should not be granted. To date, no response has been filed. It has come to the Court's attention, however, that, due to a clerical error, respondent and respondent's counsel never were served with copies of the Court's January 5, 2007 and June 14, 2007 orders directing respondent to show cause why the petition should not be granted.

Under such circumstances, petitioner's motion for judgment on the pleadings will be denied, and the Clerk will again be directed to serve respondent with the petition and the January 5, 2007 order to show cause.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Petitioner's motion for judgment on the pleadings is hereby DENIED. (Docket No. 17.)

2. The Clerk shall serve by certified mail a copy of this order, <u>the petition (Docket No. 1), and the January 5, 2007 Order to Show Cause (Docket No. 8)</u>, on respondent and respondent's counsel, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

3. Respondent shall file with the Court and serve on petitioner, within **ninety (90)** days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within **thirty (30)** days of the date the answer is filed.

4. In lieu of an answer, respondent may file, within **ninety (90)** days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory

2

Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within **thirty (30)** days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within **fifteen (15)** days of the date any opposition is filed.

    5. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

    6. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

    7. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

This order terminates Docket No. 17.

IT IS SO ORDERED.

DATED: June 12, 2008

_____
MAXINE M. CHESNEY
United States District Judge