UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES LEE WILLIAMS,<br><br>Petitioner,<br><br>v.<br><br>ANTHONY J. MALFI, Warden,<br><br>Respondent.<br>_____ | No. C 06-5825 MMC (PR)<br><br>**ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT**<br><br><br><br><br><br>(Docket No. 41) |

On September 22, 2006, petitioner Charles Lee Williams, a California state prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On August 25, 2009, the Court denied the petition on the merits.

Petitioner now moves to alter or amend the judgment on grounds that the judge before whom the matter is pending has a personal bias or prejudice against Petitioner. (See Docket No. 41.) Petitioner contends that the court's order denying his petition "massively conflicts with existing law." "Such arbitrary discretion," Petitioner asserts, "lacks fair and impartial consideration." The Court construes Petitioner's filing as a motion for recusal.

A party may move to disqualify, or recuse, a judge from presiding in a given case. Motions to disqualify fall under two statutory provisions, 28 U.S.C. § 144 and 28 U.S.C. § 455. Section 144 provides for recusal where a party files a timely and sufficient affidavit averring that the judge before whom the matter is pending has a personal bias or prejudice either against the party or in favor of an adverse party, and setting forth the facts and reasons for such belief. See 28 U.S.C. § 144. Similarly, § 455 requires a judge to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned," 28 U.S.C. § 455(a), including where the judge "has a personal bias or prejudice concerning a

party," id. § 455(b)(1).

A judge finding a § 144 motion timely and the affidavits legally sufficient must proceed no further and another judge must be assigned to hear the matter. See id.; United States v. Sibla, 624 F.2d 864, 867 (9th Cir. 1980). Where the affidavit is not legally sufficient, however, the judge at whom the motion is directed may determine the matter. See id. at 868 (holding judge challenged under § 144 properly heard and denied motion where affidavit not legally sufficient).

The substantive test for personal bias or prejudice is identical under §§ 144 and 455. See Sibla, 624 F.2d at 868. Specifically, under both statutes recusal is appropriate where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Yagman v. Republic Ins., 987 F.2d 622, 626 (9th Cir. 1993) (citation omitted). Consequently, an affidavit filed under § 144 will raise a question concerning recusal under §§ 455(a) and (b)(1) as well. Sibla, 642 F.2d at 867.

Here, as noted, plaintiff moves to disqualify the undersigned on the ground of bias and prejudice based on the Court's alleged use of "arbitrary discretion" in denying a petition on grounds that "massively" conflict with existing law. Plaintiff's allegations categorically fail to establish any basis, under either § 144 or § 455, for a determination that the Court's impartiality might reasonably be questioned herein, and, consequently, are insufficient as a matter of law. See Liteky v. United States, 510 U.S. 540, 555 (1994) (holding judicial rulings on basis of facts introduced or events occurring in course of judicial proceedings "almost never" provide grounds for recusal); Sibla, 624 F.2d at 868 (holding affidavit not legally sufficient unless it alleges facts demonstrating bias or prejudice that "stems from an extrajudicial source").

Accordingly, petitioner's motion is DENIED.

**IT IS SO ORDERED.**

DATED: January 13, 2010

MAXINE M. CHESNEY
United States District Judge

2